JOHN McKENZIE, Respondent, *v.* HIRAM SMITH, Sheriff, etc.,
Appellant.

In an action for the recovery of possession of personal property, the defend-
ant was arrested under the provisions of subdivision 3 of section 179 of
the Code, and, upon giving the undertaking required by section 187, in such
cases, was released from arrest by the sheriff, who thereupon returned the
order of arrest to plaintiff's attorney. Plaintiff excepted to the bail; they
failed to justify, but prior to the expiration of the time for justifica-
tion, surrendered the defendant to the sheriff, in whose custody he
remained. Plaintiff subsequently recovered judgment for the delivery
of the property, or payment of its value, with costs.—*Held,* that the sur-
render by the bail was unauthorized, and did not exonerate them, and
that, under section 201 of the Code, the sheriff was liable as bail; which
liability was not satisfied by having the defendant within his custody,
amenable to process, but that, as far as the plaintiff was concerned, he
stood in the place of the bail in the undertaking given to him, and the
extent of his liability was measured by theirs.

(Argued May 19, 1871; decided September term, 1871.)

APPEAL from order of the General Term of the Supreme
Court in the seventh judicial district, reversing a judgment
in favor of defendant entered upon the decision of the court
at circuit, and ordering a new trial.

The action was brought against defendant as sheriff of the
county of Monroe, for an alleged liability growing out of the
facts set forth fully in the prevailing opinion of LOTT, Ch. C.

*W. F. Cogswell* for appellant.

*James C. Cochrane* for respondent.

LOTT, Ch. C. This action was brought by the plaintiff
against the defendant, as sheriff of Monroe county, under the
following circumstances: The said plaintiff commenced an
action in the Supreme Court on the 15th day of October,
1859, against one Marvin C. Bills for the recovery of a gold
watch wrongfully detained from him, and by an indorsement
in writing upon the proper affidavit delivered for that pur-
pose, accompanied by the requisite undertaking, he required

the said sheriff to take the same from the said Bills and deliver it to him the said plaintiff. The said sheriff thereupon demanded the said property of Bills, but it was not delivered to him, nor could he find it so as to take it and make such delivery, and he made a return of his doings in that behalf. The plaintiff subsequently, and on the 29th day of the same month, presented to a judge of the said court an affidavit of the above-mentioned facts, and of other facts showing that the said Bills had concealed, removed and disposed of said watch, so that it could not be found or taken by the said sheriff, and with the intent to deprive the plaintiff of the benefit thereof (being the cause or ground of arrest mentioned in the third subdivision of section 179 of the Code, as then amended and in force); and thereupon, and upon the giving of the undertaking required by law, said judge made an order directing the said sheriff to arrest the said Bills, and "to hold him to bail in the amount of $250, the undertaking to be such as is required by statute in such action," and also to make a return of the said order to the plaintiff's attorney by the tenth day of November, 1859, at his office. The defendant arrested the said Bills under and pursuant to the said order, and afterward discharged him from such arrest on giving a written undertaking executed by two sureties, by which they bound themselves for the delivery of the said property to the plaintiff, if such delivery should be adjudged, and for the payment to him of such sum as might for any cause be recovered against the defendant in the said action.

The sheriff after such discharge delivered the said order of arrest to the plaintiff's attorney, with a return indorsed thereon to the effect that he had arrested the defendant, as he was therein commanded, and had taken bail as he was directed, together with a copy of the said undertaking. The said bail were excepted to and failed to justify, but surrendered, and no other bail were ever substituted for them.

A judgment was subsequently rendered in the action against Bills for the delivery of the watch to the plaintiff, or in default thereof for the payment of its value, assessed at

eighty-five dollars, and also directing the payment by him of seventy-one dollars and forty-seven cents, the costs of the suit, and an execution was thereupon issued to the said sheriff directing such delivery, or the collection of its assessed value, if such delivery could not be had, and for the satisfaction of said costs out of the property of the said Bills, and the said sheriff afterward returned it wholly unsatisfied, and with the further return thereon that he could not find the said watch.

No other execution, except that above mentioned, was ever issued upon the said judgment. The preceding facts are set forth in the plaintiff's complaint, and he thereupon claimed to recover the said assessed value of the watch, and the said costs from the defendant.

The answer of the defendant did not deny any of the said allegations, but set up as a defence that after the rejection by the plaintiff of the bail given by the said Bills upon his said arrest, and before the expiration of the time limited for their justification, they refused to justify, but they surrendered the said Bills to him, the said sheriff, and that he thereupon again took him the said Bills into his custody and held him by virtue of the said order of arrest, and that he continued to hold him in such custody.

The justice who tried the issues found the facts alleged in the complaint to be as therein stated, and also found, in reference to the matter of defence set up in the answer, that the said bail, on the 19th day of November, 1859, and before the time expired for them to justify, "surrendered said Bills to the custody of the sheriff, and the said Bills was thereupon immediately taken into custody by the sheriff, and is and has ever since and now is held by him on the jail limits; that on such surrender he was placed in the jail of said county of Monroe, and afterward and on the same day liberated on the jail limits, upon executing the usual limit bond, but no papers were had at said surrender, except the original undertaking upon which the certificate of surrender was made by said sheriff acknowledging the surrender of said Bills to his cus-

tody and no order was made by any judge that the said bail be exonerated."

He thereupon found, as a conclusion of law, that the defendant was entitled to judgment with costs. Judgment was entered upon said decision, which, on appeal to the General Term of the seventh district, was reversed and a new trial was ordered, from which order an appeal was taken to this court by the plaintiff, and he in his notice of appeal stipulated that if the said order was affirmed, judgment absolute should be entered against him.

The judge on the trial stated, in giving his reasons for the decision made by him, that he was of opinion that the defendant as sheriff was liable only for the safe keeping of the defendant's body, and that the matters set up by him in his answer constituted a defense to the action.

The majority of the court at General Term, on the contrary, held that the defendant was liable for the delivery of the property to the plaintiff, or for the payment of its assessed value, in case of its non-delivery, and was also bound to pay the costs of the action against Bills.

The question as to the nature and extent of the defendant's liability, upon the facts in this case, is to be determined by the construction of the provision of the Code of Procedure applicable to the subject, in force when the said arrest was made and the subsequent proceedings were had. It will, therefore, be necessary to refer to them with particularity.

It is provided, by section 185, that the sheriff, to whom an order of arrest in an action is delivered, shall execute it by arresting the defendant and keeping him in custody until discharged by law ; and the next section (§ 186) declares that the defendant, at any time before execution, shall be discharged from the arrest, either upon giving bail, or upon depositing the amount mentioned in the order of arrest, as provided in some of the subsequent sections.

Section 187 provides that the defendant may give *bail*, by causing a written undertaking to be executed by two or more sufficient bail, stating their places of residence and occupa-

tion, to the effect that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein; or, if he be arrested for the cause mentioned in the third subdivision of section 179, an undertaking to the same effect as that provided by section 211, by which the sureties therein "are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause, be recovered against the defendant."

This section contemplates two classes of *bail:* one in the cases specified in subdivisions 1, 2, 4 and 5 of section 179, and the other for the cause mentioned in the third subdivision thereof.

They are required to give different undertakings; that of the first class is to be to the effect declared in the first clause of said section 187, and that of the latter is to be "to the same effect as that provided by section 211," and which is stated in the preceding extract therefrom.

The defendant Bills was arrested for the cause mentioned in the said third subdivision of section 179, and he obtained his discharge from such arrest by the delivery to the sheriff of an undertaking by two bail, deemed by him to be sufficient, to the effect provided in said section 211.

It is further provided, by section 201, that "if, after being arrested, the defendant escape or be rescued, or bail be not given or justified, or a deposit be not made instead thereof, the sheriff shall himself be liable as bail; but he may discharge himself from such liability by the giving and justification of bail, as provided in sections 193, 194, 195 and 196, at any time before process against the person of the defendant to enforce an order or judgment in the action." Those sections relate to the justification of the bail in the undertaking given on the arrest, if they are not accepted by the plaintiff, or of other bail substituted for them, in and by a new undertaking in the form prescribed in said section 187, their quali-

fication and the proceedings to procure their allowance. It is not claimed that the defendant had discharged himself from such liability by a compliance with those sections. It is therefore unnecessary to refer to their provisions. Nor were the facts found by the judge on the trial in reference to the surrender, alleged to have been made by the bail to the sheriff, and the proceedings thereon, sufficient to discharge him from liability.

It is provided by section 188 of the Code, that "at any time before a failure to comply with the undertaking, the bail may surrender the defendant in their exoneration, or he may surrender himself to the sheriff of the county in which he was arrested," in the manner therein particularly specified, but it is expressly declared, in the last clause thereof, that this section shall not apply to an arrest for the cause mentioned in the third subdivision of section one hundred and seventy-nine " (being the cause for which the arrest in question was made), so as to discharge the bail from an undertaking given to the effect, provided by section 211. This declaration shows that the bail in an undertaking given in that case cannot be exonerated by the surrender of a defendant to the sheriff. His power and authority, under the order authorizing the arrest, end on the discharge of the defendant, upon the receipt and acceptance of such undertaking. I am not aware of any other provision, nor have we been referred to any, under which the proceedings had for the surrender of Bills were authorized. When that was made, the order for his arrest had been returned to the plaintiff's attorney by the sheriff, and he had lost all control over it. The plaintiff is therefore not affected by those proceedings, and they are to be disregarded.

It follows that, under section 201, above referred to, the defendant, on the failure of the bail taken by him to justify, became himself liable as bail. The extent of his liability in that relation is to be determined by that of the bail in the undertaking given to him. He, so far as the plaintiff is affected, stands in their place, and has become liable to the

same extent to the plaintiff as they would have been if they had been accepted by him. That liability, under section 187, on the facts constituting the cause of arrest, was that provided for by section 211, being for the delivery to the plaintiff of the watch in question, if such delivery was adjudged, and for the payment to him of such sum as might, for any cause, be recovered against the defendant. This construction is consistent with the nature of the action for the recovery of personal property, when the immediate delivery thereof is claimed. The primary object, in such case, is the recovery of its possession in specie, and the security required to be given by the defendant, in order to retain it, is that provided for by said section 211, and after it has been given it cannot be discharged, except upon such delivery or the payment of its value.

It is also confirmatory of such construction that the last clause of section 187 (originally section 162) and of subdivision 2 of section 188 (originally section 163) did not form a part of the Code, as first enacted, but were both added by the amendatory act of 1849. The first of those amendments clearly indicates an intention on the part of the legislature that the undertaking by the bail on an arrest, for the cause referred to therein, was to be different from that for the other causes specified in section 179, and it declares what obligation should in that case be assumed, and the other shows that, when such an obligation is entered into, the bail cannot discharge themselves therefrom by a surrender of the defendant.

The above considerations lead me to the conclusion that the order of the General Term should be affirmed, and that judgment absolute must, under the stipulation given by the defendant, be rendered against him.

HUNT, C. (dissenting). The plaintiff bases his right of recovery upon section 201 of the Code of Procedure. It is there provided that "if, after being arrested, the defendant escape or be rescued, or bail be not given or justified, or a deposit be not made instead thereof, the sheriff shall himself

be liable as bail," (§ 201.) In the present case, the defendant was arrested and gave bail, but the bail did not justify. The sheriff, by the language quoted, thereupon becomes liable as bail. The sheriff claims that he has satisfied this liability, by having the defendant within his custody and amenable to a process to be issued against his person. The plaintiff insists that his liability, as bail, requires a performance of the obligation entered into by the sureties who executed an undertaking to discharge the defendant from arrest, to wit, for the delivery of the property sought to be recovered, and for the payment of any sum adjudged against the defendant. The judge at the circuit concurred in the view taken by the sheriff. The General Term adopted the view taken by the plaintiff.

The order of arrest in the original action was for the cause mentioned in the third subdivision of section 179, to wit: the recovery of personal property unjustly detained, and concealed, with intent that it should not be found by the sheriff, and which could not be found. In that case it is provided (§ 187) that the defendant, to procure his discharge, must give an undertaking to the same effect as that provided by section 211, to wit: for the delivery of the property and the payment of such sum of money as may be adjudged against the defendant. In all other cases the defendant may be discharged upon executing an undertaking; he shall, at all times, during the pendency of the action, be amenable to the process of the court, and to such as may be issued to enforce its judgment. In the latter proceeding, the bail may surrender their principal to the sheriff, and be exonerated from their liability. (§§ 189, 190.) In like manner, the sheriff, in such case, may give new bail in place of those excepted to (§ 193), and can receive the actual custody of the defendant in discharge of the bail given by him. This proceeding is reasonably simple, and is in accordance with all general rules.

In the special case of an arrest for removing and concealing property sought to be recovered, the proceeding is not so plainly defined. The defendant gives an undertaking, not

to be amenable to the process of the court, but to make delivery of the property. When, as in this instance, the sureties to such an undertaking fail to justify, what are the sheriff's powers in protecting himself, or in securing the plaintiff?

Section 211, which regulates the undertaking to be given in such case, is a part of the Code regulating the action for the claim and delivery of personal property. The sheriff is directed to take it from the possession of the defendant, upon receiving from the plaintiff a sufficient undertaking to the defendant, conditioned, among other things, for the return to him of the property, if it shall be so adjudged. The defendant may, however, require the return of the property to himself, from the sheriff upon executing to the plaintiff a similar undertaking. (§§ 209 to 211.) In each of these cases, in the event of an exception to the sufficiency of the sureties, it is provided that, the sheriff shall retain the property in his hands until they justify, and if they fail to justify, he shall deliver the property to the opposite party. If he fails to do his duty in this respect, he becomes liable to the party aggrieved, for the damages sustained by him. He has the property in his hands, is provided with ample means to protect himself, by requiring an undertaking and a justification of the sureties, or by redelivering the property. If he fails to do this duty, there is eminent justice in compelling him to redeliver the property or to pay its value.

In a case like the present it is quite different. The sheriff has been guilty of no neglect; he has incurred no default; he could have done nothing more than he has done. It was his first duty to arrest the defendant; he performed it; it then became his duty to hold the defendant until he gave bail; he performed that duty also. The bail refused or neglected to justify; he could not compel them to justify; he could not compel the defendant to give other sureties; he could only hold his person, and that he continued to do. Will it be said that he could himself have given a new undertaking, with sufficient sureties? That would have been a voluntary assumption of the obligation now sought to be imposed upon

him, to wit, the payment of the debt. The undertaking, by section 211, must have been to that effect, and not for the defendant's subjection to the process of the court. This was an obligation that he was not bound to assume. I do not see that there was the slightest neglect or omission of the sheriff, or that, in any particular, he failed in the strict performance of his duty. To hold him liable in such a case would be intolerable. Such could never have been the intention of the legislature. The explanation is this: When it is said that he shall be liable as bail, it means the bail who undertake that the defendant shall be in person amenable to the process of the court. The word bail has a technical meaning in the law. When, under the old forms, the party arrested gave bail to the sheriff, he undertook thereby to put in "bail" to the action, and to perfect "bail," using that precise word in his undertaking. Its meaning then was, and always has been, that the "bail" undertook that the defendant should be personally amenable to the process and judgment of the court. (Dunlap's Practice; Paine & Duer's Practice.) The sections of the Code, from 186 to 204, prescribe the undertaking and qualifications of "bail." The word "bail" is used throughout all this range of sections, and the subject is the seizure of the person, the discharge of the person, and the amenability of the person to the process of the court. Among them is the section (201) declaring the sheriff to be liable as bail, in certain contingencies. It is a declaration that he shall be bail of the character there spoken of, to wit, for the defendant's appearance, and not for the payment of the debt. The sections 206 to 211 are upon the subject of the delivery and redelivery of personal property, and the undertakings to be given with sureties to procure such delivery. The persons entering into those obligations for the delivery of the property and the payment of the amount adjudged, are sureties; they are not bail; that designation is nowhere applied to them. The word bail is not used in the chapter, except when it is declared that the qualifications of sureties, and their justification, shall be the same as are prescribed, in respect to bail,

upon an order of arrest. (§ 213.) They are sureties, not bail; but they shall possess the same qualifications as are possessed by bail. Bail are technically described as such under the head of arrest of the person, and the intention of the legislature was to impose that liability and no other upon the sheriff, when he had arrested the defendant under the provisions of that chapter.

By the same section, which declares the sheriff to be liable as bail, it is enacted that he may discharge himself from such liability by giving and the justification of bail, as provided in sections 193 to 196. These sections prescribe the details of the manner of giving bail under the head of arrest of the person, and immediately following the section (187) making the obligation of bail to be that of the subjection of the person to the process of the court. This mode of discharge is in harmony with the explanation I have already given.

Look again at the class of cases in which it is declared that the sheriff shall himself be liable as bail. (§ 201.) " If after being arrested, the defendant escape or be rescued," the sheriff shall be liable as bail ; because, having the party in his power, he is bound to keep him. He is bound to hold him against a rescue or an escape. The law furnishes him with ample means of protection, and if he neglects to use them, it justly makes him liable, as the bail would have been. " Or bail be not given or justified ;" the same reason governs here. Suppose, however, the defendant is arrested, but does not escape, does not give bail at all and makes no deposit : is the Sheriff liable, and to what extent ? If the plaintiff's argument is sound, he is liable, not for his appearance, but for the return of the property claimed. Section 187 says, that when arrested for this cause the defendant can be discharged only upon giving an undertaking for the delivery of the property and the payment of such sum as may be received. The defendant, upon being arrested, may say, " I am not able to procure that undertaking with sureties ; I decline to attempt it ; do with me as the law directs." The sheriff's duty, and the only possible mode he can adopt, is to hold the

defendant in custody. This he does. The plaintiff, however, says, " This may all be so, but section 201 holds the sheriff liable as bail in such case, and that bail, according to section 211, is liable for the value of the property." This is entirely unsound. He is liable as bail technically, *i.e.*, for the custody and appearance of the defendant, and for nothing more.

The defendant was actually surrendered to the sheriff and was in his custody legally. That was all that was important for him to do or to know. Whether the parties originally liable actually caused an exoneration to be entered, was of no interest to him.

In my opinion, the order for a new trial should be reversed, and the judgment at the Special Term should be affirmed with costs in the Supreme Court and in the Court of Appeals.

For affirmance, LOTT, Ch. C., LEONARD and GRAY, CC.

For reversal, HUNT and EARL, CC.