Marcus C. Cook et al., Appellants, *v.* Julius Freuden-thal et al., Respondents.

If an unauthorized security is designedly taken by a public officer from a person under arrest, as a ground of his discharge, it is void as having been taken *colore officii*, although the officer may not have designed to violate the law.

Defendant H., having been arrested upon an order of arrest issued in an action to recover the possession of personal property, was discharged from arrest upon giving to the sheriff an undertaking, in and by which the sureties undertook that H. should "at all times render himself amenable to the process of the court, * * * and for the payment to the plaintiffs of such sum as may, for any cause, be recovered against the defendant," instead of an undertaking for the delivery of the property to the plaintiff, if delivery be adjudged, etc., as prescribed by the Code of Procedure (§§ 187, 211). In an action upon the undertaking, *held*, that the final clause therein, *i. e.*, as to payment, was to be construed in connection with the provision of said Code (§ 277), directing the form of judgment in such an action; and that, as so construed, it was not an absolute undertaking to pay the value of the property, but only to pay on condition that no delivery can be had; but that the undertaking was void as having been taken *colore officii*, within the meaning of the statute (2 R. S., 286, § 59), for the reason that it bound the sureties for the amenability of H. to process, an obligation which could not be required from H. as a condition of his relief.

It was claimed that this provision in the undertaking should be rejected as surplusage, for the reason that an execution against the body could not

issue on the judgment in the action, and so that no liability could arise under the clause in question. *Held,* untenable, as an execution against the body could have been issued (Code, § 288) after a return unsatisfied of an execution against the property of H.

Also, *held,* that in the absence of any evidence as to the circumstances under which the undertaking was given, it was to be assumed that the sheriff designedly took the undertaking in the form in which it was given.

Also, *held,* that the undertaking could not be treated as an agreement between the parties to the replevin suit, and so enforceable by plaintiffs; that, although taken by the sheriff for the benefit of the plaintiffs, it was also for his own protection, and in taking it he acted, not as the private agent of the plaintiffs, but as agent of the law.

The doctrine of ratification by the plaintiff in an action, of an unauthorized act of the sheriff, has no application to the case of a security taken by him in the assumed exercise of his official authority and duty, from one under arrest, containing conditions not embraced in the statutes.

*It seems,* that mere verbal variations from the statutory form will not make void an agreement or security.

(Argued February 3, 1880; decided February 24, 1880.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury, and granting a new trial. (Reported below, 14 Hun, 542.)

This action was upon an undertaking given by defendant Horwitz as principal, and the other defendants as sureties.

The nature of the undertaking and the material facts appear in the opinion.

*Charles J. Patterson,* for appellants. The undertaking in suit substantially complied with the statute providing for bail on arrest in replevin cases. (Code of Procedure, §§ 187, 211; *Gallaretti* v. *Orser,* 27 N. Y., 324.) The clause respecting amenability to process was above and beyond what was required; but it was harmless surplusage; it could not in any manner affect the sureties. (*McKenzie* v. *Smith,* 48 N. Y., 143; *Post* v. *Doremus,* 60 id., 374; *Board Sup'rs* v. *Pindar,* 3 Lans., 11; 2 R. S. [Edm. ed.], 576, § 33; *Beach* v. *Southworth,* 6 Barb., 173.) As the instru-

ment was given in pursuance of a statute, no consideration need be shown for it. (*Thompson* v. *Blanchard*, 3 N. Y., 335; *Doolittle* v. *Dininny*, 31 id., 354.) If it be conceded that the undertaking did not substantially conform to the Code, still it would be a perfectly valid agreement, binding upon the parties according to its terms. (*Winter* v. *Kenney*, 1 N. Y., 365; *Decker* v. *Judson*, 16 id., 439; 2 R. S. [Edm. ed.], 296, § 59.) This instrument was not taken by the sheriff by color of his office. (*Kelly* v. *McCormick*, 28 N. Y., 321; *Decker* v. *Judson*, 16 id., 442; *Burrall* v. *Acker*, 23 Wend., 608; *Norden* v. *Horsley*, 2 Wilson, 69; *Griffith* v. *Hardenburg*, 41 N. Y., 464.) The statute prohibiting sheriffs from taking securities not authorized by law by color of office, applies only to an instrument taken by a public officer for his own benefit. It has no application to an instrument taken by the sheriff for the benefit of the party who sued out the warrant in his hands. (*Ring* v. *Gibbs*, 26 Wend., 503; *Slack* v. *Heath*, 4 E. D. Smith, 101; see note, 2 Saunders, 60; Graham's Pr., 112; *Hall* v. *Carter*, 2 Modern R., 304; *Armstrong* v. *Garrow*, 6 Cow., 465; *Pilkington* v. *Greene*, 2 Bos. & Pul., 151; *Sugars* v. *Brinkworth*, 4 Camp., 46; *Kelly* v. *McCormick*, 2 E. D. Smith, 503; *Fuller* v. *Prest*, 7 Term, 109; *Rogers* v. *Reeves*, 1 id., 422; *Adee* v. *Adee*, 16 Hun, 46; *Ordway* v. *Bacon*, 14 Vt., 368.) Plaintiff's subsequent ratification of the sheriff's act is equivalent to a previous direction or authority; for after such ratification plaintiff loses his remedy against the sheriff for the escape. (*Morton* v. *Campbell*, 14 Abb., 411; *Farmers' L. and T. Co.* v. *Walworth*, 1 N. Y., 443; *Hall* v. *Carter*, 2 Mod., 304; *Fuller* v. *Prest*, 7 Term, 109; *Rogers* v. *Reeves*, 1 T. R., 422; 8 id., 132; 1 Scv., 38; *Kelly* v. *McCormick*, 2 E. D. Smith, 503; 1 Term, 422; 28 N. Y., 321; *Weber* v. *Blunt*, 19 Wend., 191, 192; *Farmers' L. and T. Co.* v. *Walworth*, 1 N. Y., 443; *Strong* v. *Tompkins*, 8 J. R., 97; *Richards* v. *Brown*, 6 id., 319; 1 N. Y., 443; *Sullivan* v. *Alexander*, 15 J. R., 233; 2 R. S. [Edm. ed.], 360, §§ 11, 20; Graham's Pr., 109; Smith on Actions at

Law, 22, *et seq.* ; Bagley's Pr., 89.) The terms of the instrument bound the defendants absolutely to pay any sum that might be recovered against Horwitz in the action. (*Gallaretti* v. *Orser*, 27 N. Y., 324; *Tibbits* v. *O'Connor*, 28 Barb., 324; *Clafflin* v. *Bull*, 43 N. Y., 481; *Doolittle* v. *Dinemy*, 31 id., 354; *Robinson* v. *Plimpton*, 25 id., 484; *Smith* v. *Crouse*, 24 Barb., 433; *Appleby* v. *Robinson*, 44 id., 316.) The authority under the order of arrest was exhausted upon the discharge of Horwitz on the undertaking in suit. (*McKenzie* v. *Smith*, 48 N. Y., 148; 1 Wait's Pr., 655; 48 N. Y., 143; Old Code, § 188; *Nichols* v. *Ingersoll*, 7 J. R., 145; *Coleman* v. *Bean*, 1 Abb. [Ct. App.], 354; *Harrison* v. *Wilken*, 69 N. Y., 418.)

*John Berry*, for respondents. The undertaking was not sanctioned by the statute, nor is it such as was required by the order of arrest ; it is without consideration and is void. (*Winter* v. *Kinney*, 1 N. Y., 365; *Post* v. *Doremus*, 60 id., 378.) Sureties are not bound beyond the scope of their engagement. (*Walsh* v. *Bailie*, 10 J. R., 150; *Penoyer* v. *Watson*, 16 id., 100; *Gallaretti* v. *Orser*, 27 N. Y., 327.) The fact that the undertaking was executed under seal may import a consideration, but is not conclusive, and may be rebutted, as if it was not sealed. (2 R. S., 406, § 77; id. [2d ed.], 423; Code Civil Proc., § 840.) A failure of consideration may be shown. (14 Wend., 195; 15 id., 351; 25 id., 107.) The power and authority of the sheriff, under the order of arrest to take and hold Horwitz, continued until the receipt and acceptance of an undertaking, to the effect provided by section 211 of the Code of Procedure. (*McKenzie* v. *Smith*, 48 N. Y., 148.)

Andrews, J. The plaintiffs commenced an action in the Supreme Court against one Horwitz for the claim and delivery of personal property, in which he was arrested upon an order of arrest issued pursuant to sub. 3, § 179, of the Code of Procedure. He was entitled to his discharge, upon giving

to the sheriff an undertaking, executed by two or more sufficient sureties, to the effect, that " they are bound in double the value of the property as stated in the affidavit of the plaintiffs for the delivery thereof to the plaintiffs, if such delivery be adjudged, and for the payment to them of such sum as may for any cause be recovered against the defendant." (Code, §§ 187, 211.) The order of arrest directed the sheriff to arrest Horwitz, and to hold him until he should give an undertaking to the effect above stated, following the language of section 211. Horwitz after he was arrested, executed with the defendants as his sureties, and delivered to the sheriff the undertaking upon which this action is brought, and he was thereupon discharged from custody. The undertaking does not conform in its terms to the statute. The sureties therein undertake that " Horwitz shall at all times render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued to enforce the judgment therein, and for the payment to the plaintiffs of such sum as may for any cause be recovered against the defendant." It will be observed, that the undertaking does not bind the sureties for the delivery of the property to the plaintiff, if the delivery be adjudged, and embraces an obligation that their principal shall render himself amenable to mesne and final process in the action. The undertaking departs from the statute in two particulars, viz : it omits a provision which the statute prescribes, and it contains the provision as to amenability to process which the statute does not require. (*McKenzie* v. *Smith*, 48 N. Y., 143.) Subsequent to the discharge of Horwitz, the replevin action proceeded to trial, and the plaintiffs obtained a judgment for the recovery of the possession of the property claimed, or for its value as ascertained in case a delivery could not be had. The plaintiffs issued execution on the judgment which was returned unsatisfied, and afterwards commenced this action.

The question to be determined is whether the undertaking is a valid security, and whether assuming that the sheriff could

not enforce it for his own protection it may be enforced for the protection of the plaintiffs. We are inclined to concur with the view of the counsel for the plaintiffs, that the final clause in the undertaking is to be construed in connection with the statute directing the form of the judgment in an action for claim and delivery (Code, § 277), and that so construed it is not an absolute undertaking by the sureties to pay the value of the property as determined by the judgment. The sureties undertake to pay any sum recovered against Horwitz. In an action for claim and delivery, the value of the property is recovered conditionally only, the condition being, that no delivery can be had. It is only after the failure of the plaintiff to obtain the property upon execution issued, that the right to its value becomes perfect. Until that time it may well be claimed that there is no judgment for the value within the meaning of the undertaking. (See *Galla-rati* v. *Orser*, 27 N. Y., 324.)

Without considering the effect of the omission in the undertaking, of a provision binding the sureties for the delivery of the property claimed to the plaintiff, if delivery should be adjudged, we are of opinion that the undertaking is void, as having been taken *colore officii*, for the reason that it binds the sureties for the amenability of Horwitz to process in the action, an obligation unauthorized by the statute, under which the undertaking was given, and which could not be required from Horwitz, as a condition of his release from imprisonment. The case is within the terms of the 59th section, article 2, chapter 3, title 2, part 3, of the Revised Statutes, which declares that "No sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner, than such as are provided by law; and any such bond, obligation or security taken otherwise than as herein directed, shall be void."

The case in which the undertaking was given, was one in which an undertaking could be taken by the sheriff. Indeed, it was his duty to let Horwitz to bail, on his furnishing the requisite security. But the Code definitely prescribes that

the undertaking shall be to the same effect as that provided by section 211. The undertaking given contains another and distinct obligation, not embraced in the statute. If it was taken by color of office, the undertaking was, we think, unauthorized and illegal.

It is insisted that the provision that Horwitz should render himself amenable to process, should be rejected as surplusage, for the reason that an execution against the body could not issue upon a judgment against him in the action, and that consequently no liability under this clause of the undertaking could arise. But this is clearly a mistake. An execution against the body of a defendant may be issued in all cases when he has been arrested under section 179, in an action within the terms of that section. (Code, § 288.) A body execution could, therefore, have been issued against Horwitz in this case, after the return of an execution against his property unsatisfied. The Revised Statutes regulating proceedings in replevin, contained an express provision authorizing a body execution in such a case. (2 R. S., 530, § 52.)

The undertaking that Horwitz should render himself amenable to process, was not, therefore, an undertaking for liability, upon an impossible contingency. It was taken by the sheriff in the course of his official duty, from a party in his custody, entitled to be discharged upon giving the statutory undertaking. There is no evidence of the particular circumstances attending the transaction. It does not appear that the sheriff exacted an undertaking in the particular form of the one in question, or that he acted in taking it from any improper motive. But in the absence of any evidence upon the subject, it must be assumed that he designedly took the undertaking in the form in which it is, and the finding is that Horwitz was released from custody in consideration of the undertaking in question. The object of the statute prohibiting sheriffs and other officers from taking securities not authorized by law, and of the statutes prescribing the form of undertakings in particular cases, was to make the duty of

the officer, and the rights of parties, certain and plain, and to prevent oppression, or abuse of authority, by disabling public officers from imposing terms, or making contracts as a condition of official action, except such as were sanctioned either by the statute or the common law. If an unauthorized security is designedly taken by a public officer from a person under arrest, as a ground of his discharge, it is void as having been taken *colore officii*, although the officer may not have designed to violate the law. In *Winter* v. *Kinney* (1 N. Y., 368), Wright, J., says: "Where a person is in custody, and the officer instead of taking the obligation for his release, specifically provided by statute, takes one at his own volition, more or less onerous to the prisoner, he asserts by virtue of his office an illegal claim, or right, or authority to take it. He takes it *colore officii*." (See, also, *Richardson* v. *Crandall*, 48 N. Y., 348; 2 Saund., 60, note.) The statute prohibiting public officers from taking unauthorized securities has been construed with great strictness. The case of *Barnard* v. *Viele* (21 Wend., 88), is an example. In that case the sheriff had taken a bail bond on the discharge of a prisoner arrested on civil process in the form prescribed by the law prior to the Revised Statutes, and the court, Nelson, J., writing the opinion, held that the bond was void because the condition did not follow the terms of the statute in force when the bond was given, although the new and old conditions were in legal effect the same. (See, also, *Strong* v. *Tompkins*, 8 J. R., 97; *Sullivan* v. *Alexander*, 19 id., 233; *Webbers' Ex'rs* v. *Blunt*, 19 Wend., 188; *Bank of Buffalo* v. *Boughton*, 21 id., 57; *People* v. *Meighan*, 1 Hill, 298.)

The counsel for the plaintiffs, in his able argument, sought to take the case out of the statute, on the ground that the undertaking in question was taken by the sheriff for the benefit of the plaintiffs, and that although it should be held that the sheriff could not maintain an action upon it, the plaintiffs, for whose benefit it was taken, having accepted it, it stands upon the same footing as if it was

an original agreement between Horwitz and the plaintiffs, given in consideration of his discharge from imprisonment. There are many authorities to the effect that the parties to an action in which the defendant has been arrested, may agree upon the terms of his release, and that an agreement made by the defendant upon this consideration may be enforced. (*Winter* v. *Kinney.* 1 Comst., 368; *Decker* v. *Judson*, 16 N. Y., 443; *Harp* v. *Osgood*, 2 Hill, 216.) The case of *Milward* v. *Clerk* (Cro. Eliz., 190), is one of the earliest cases on the subject. The action was upon a promise *to the plaintiff* to pay £10, in consideration of the discharge of a person under arrest from the custody of the sheriff, and the defendant pleaded that the agreement was void by the statute, 23 Hen., VII, cap. 9, but the court said : " It is a good assumpsit, being made to a party who had authority to dispense with his appearance ; but if the promise had been made to the sheriff or to any other for his use, it had been within the equity of the statute."

But we do not think that this undertaking can be treated as an agreement made between the parties to the action. It was taken by the sheriff, as has been said in the course of his official duty, and not by any arrangement between the parties to the action. It is true that when taken it was held by the sheriff for the protection and security of the plaintiffs ; but it was also held by him for his own protection in the contingency that the bail if required should fail to jus-tify. (Code, § 201; *McKenzie* v. *Smith*, 48 N. Y., 143.) The sheriff in taking the undertaking was not acting as the private agent of the plaintiffs, but as the agent of the law. The case of *Hale* v. *Carter* (2 Mod., 304) is relied upon by the plaintiffs. That was an action of debt on a bond, and the point decided was that a bond given by the defend-ant to the plaintiff to secure the release of a third person arrested at the plaintiffs' suit was not void within the statute, 23 Hen. VII, although taken by the sheriff, if taken by him under the plaintiff's direction, the court saying " the agreement of the plaintiff makes it good."

The inference from the case is that the bond was taken in pursuance of an agreement between the parties to the action. Several cases have been cited to the effect that securities taken by a sheriff from a defendant arrested on final process, or against whom a *fi. fa.* had been issued, to secure the payment of the debt of the plaintiff on the execution, may if accepted by the plaintiff be enforced by him. (*Pilkington* v. *Greene*, 2 Bos. & Pul., 151; *Sugars* v. *Brinkworth*, 4 Camp., 46; *Armstrong* v. *Garrow*, 6 Cow., 465.) The English cases cited were not within the statute of Hen. VII, as that statute has reference to securities taken from persons arrested on mesne process only. (Buller, J., in *Rogers* v. *Reeves*, 1 Term, 422.) But whatever the rule may be as to the right of a plaintiff to affirm a security taken by a sheriff, which omits some provision in his favor, the doctrine of ratification by the plaintiff in the suit, of the act of the sheriff has no application to the case of a bond or security taken by him in the assumed exercise of his official authority and duty from a person under arrest, containing conditions not embraced in the statute.

We are not at liberty, in face of the explicit terms of the statute, to uphold the undertaking in this case on the ground that the provision that Horwitz should render himself amenable to process, did not add anything substantial to the undertaking to pay any sum which might be recovered against him. It was a different and independent obligation, and the instrument is clearly within the statute. Mere verbal variations from the statutory forms, may not make void an agreement or security. (*Beaufage's Case*, 10 Rep., 426.) But the departure here is substantial.

The order granting a new trial should be affirmed, and judgment absolute given for the defendants on the stipulation.

All concur, except Rapallo, J., not voting.

Order affirmed, and judgment accordingly.