WILLIAM S. GUNN ET AL v. PHILIP F. GEARY.

*Action on bond for jail limits.*

No recovery can be had against the sureties on a bond for the jail limits, where the bond recites that the principal is in custody by virtue of a *capias ad respondendum* and the evidence shows 'it to be under a *capias ad satisfaciendum*, the measure of damages in the first instance being the actual damages sustained by the plaintiff, while in the second, it is the amount of the execution. Comp. L. § 7351.

Sureties execute a bond in view of its recitals, and their liability cannot be enlarged by contradicting the recitals and showing facts which they cannot be assumed to have known of.

Error to Kent. Submitted Oct. 20. Decided Nov. 10.

DEBT on bond. Defendant brings error. Reversed.

*Champlin & More* and *Taggart, Stone & Earle* for plaintiffs in error. Sureties on a bond are entitled to a strict construction of the contract and are chargeable only when brought within its terms: *Birckhead v. Brown* 5 Hill 635;

*People v. Chalmers* 60 N. Y. 158; *United States v. Kirk-patrick* 9 Wheat. 720; *McCluskey v. Cromwell* 1 Kern. 598; *McMicken v. Webb* 6 How. 292; *Lang v. Pike* 27 Ohio St. 498; *Campau v. Seeley* 30 Mich. 60; a recital in the bond preceding the condition is conclusive on the parties as an admission of the fact recited: *Bennehan v. Webb* 6 Ired. (N. C. L.) 59; *Pearsall v. Summersett* 4 Taunt. 593; *Fletcher v. Jackson* 23 Vt. 591; *Ransom v. Keyes,* 9 Cow. 134; *Arlington v. Merricke* 2 Saund. 403; *Leadley v. Evans* 2 Bing. 32; *Liverpool Water Works v. Atkinson* 6 East 507; *Bowman v. Taylor* 2 Ad. & El. 278; *Lainson v. Tremere* 1 Ad. & El. 792; *Horton v. Westminster* 7 Exch. 780; *Hill v. Manchester* 2 B. & Ad. 544.

*Andrew T. McReynolds* for defendant in error.

MARSTON, C. J.   There seems to be one objection in this case fatal to the plaintiff's right of recovery and which renders any discussion of the other questions raised unnecessary.

The action is brought to recover upon a breach of a bond given for the jail limits.   In the condition thereof it is recited that the principal is in custody " by virtue of a *capias ad respondendum* issued out of the circuit court," etc.   Upon the trial it appeared that he was in custody not by virtue of such a writ, but by virtue of a *capias ad satisfaciendum.*

The sureties executed the bond in suit in view of the recitals therein contained and the legal obligations arising thereon, and their contract could not be enlarged by showing a different liability contrary to such recitals, and of which it could not be assumed they had any legal knowledge.

This doctrine concerning the right of sureties to a strict construction of the obligation creating their responsibility and measuring the extent thereof, is settled by previous decisions in this State.

Under our statute, where a bond for the jail limits is given and the prisoner has been confined by virtue of a *capias ad respondendum,* the plaintiff is entitled to recover only the actual damages sustained by him, while in the case of a *capias*

*ad satisfaciendum* the damages is the amount directed to be collected by such execution. 2 Comp. Laws § 7351.

The sureties have a right to insist that they have assumed no such responsibility, and the judgment must be reversed with costs of both courts.

The other Justices concurred.