Owen McAuliffe *vs.* John S. Lynch.

Exceptions to the Court of Common Pleas.

A return of *non est inventus* cannot be made on an execution before the return day of the execution so as to fix the liability of the bail.

*Scire facias* against the bail cannot be maintained on an execution which the sheriff has before its return day, *i. e.*, the first day of the next ensuing term of the court which issued it, returned *non est inventus*.

*June* 20, 1891. Tillinghast, J. This case comes up from the Court of Common Pleas on exceptions.

It is *scire facias* against the defendant as bail, and was brought at the December Term, 1885, of said court, upon a judgment rendered at the June Term thereof next preceding, whereon execution was issued, returnable to said court, at its said December Term.

The defendant demurred to the declaration, on the ground that at the time of the commencement of said action no cause of action had accrued to the plaintiff.

The court below sustained the demurrer, and rendered judgment for the defendant, to which ruling the said plaintiff duly excepted.

The question raised by the exceptions is this, viz.: Can a return

of *non est inventus* be made on an execution, before the return day thereof, so as to fix the liability of bail.

We think not.

The statute under which this action is brought, Pub. Stat. R. I. cap. 224, § 7, provides as follows: —

" Whenever the principal shall avoid, so that his goods and chattels or real estate cannot be found to satisfy the execution, nor his body be found to be taken thereby, the plaintiff in the original writ may sue out his writ of *scire facias* against the bail from the same court wherein final judgment was rendered against the principal, returnable to the term of court which shall commence next after twenty days after such writ shall be served, and, in case no legal cause be shown to the contrary, judgment shall be given against the bail for the debt or damages and costs recovered against the principal, with interest and costs, and execution shall be awarded accordingly."

Although this statute does not provide in terms, that the bail shall not be liable before the return day of the execution, yet we think this is to be implied, as the law assumes that the precept will be returned at the time when, by law, and the direction in the execution itself, it is made returnable, viz.: on the first day of the term next succeeding the issuing thereof.

Pub. Stat. R. I. cap. 222, § 9, provides that " Every execution issued by the Supreme Court or by the Court of Common Pleas shall, unless otherwise by law provided, be made returnable to the next succeeding term thereof, and shall be returned by the officer charged therewith within five days from the day appointed by law for the sitting of the court from whence it issued, and if such officer shall not return the same within that time, he shall be liable therefor as by law prescribed." The direction to the officer charged with the service of the execution, the form of which is prescribed by statute, is to return the same, with his doings thereon, on the first day of the next succeeding term of court from whence it issued. Pub. Stat. R. I. cap. 222, § 15.

Now in order to hold bail liable upon their undertaking, the law requires that the proceedings must be regular and conform in every respect to the statutory requirements. They are also entitled to a strict construction of the obligation creating their responsibility

and measuring its extent. *Gunn* v. *Geary*, 44 Mich. 615; *Cook et al.* v. *Freudenthal et al.* 80 N. Y. 202; *Cowles* v. *Brawley*, 4 Watts, Pa. 358; *McClurg* v. *Bowers*, 9 Serg. & R. 24; and as stated by Shaw, C. J., in a similar case; see *Niles* v. *Field*, 2 Metc. 327: "If this suit could be maintained, it would tend to alter and enlarge the responsibility of bail. If the principal dies before the return of the execution, the bail is discharged; the surrender of the body becomes impossible and the obligation is saved." Pub. Stat. R. I. cap. 224, § 6, provides that "The death of the principal before the return day of the execution against him shall discharge the bail." This provision alone shows that it is impossible to fix the liability of the bail before the return day of the execution.

The law applicable to the case before us and the reasons therefor are well stated by Butler, J., in *Ancrum* v. *Sloan*, 1 Rich. S. Car. 421, 422. He says: "No action can be commenced against the bail until they are fixed by a *ca. sa.* and *non est* returned upon it against the principal. The lodging of the *ca. sa.* must operate as an advertisement to the bail that their principal must be surrendered from their supposed custody in exoneration of their liability. This is a continuing notice till *non est inventus* is actually returned; and to make it availing it should not depend on the caprice of the plaintiff or the partiality of the sheriff. Its uniformity regulated by law seems to be essential to its efficacy in affording the relief and security contemplated. And during the time the *ca. sa.* is in the sheriff's hands and before it is legally returned, the bail must have the right to look for and surrender their principal. This length of time should not depend on the discretion of the officer, but ought to be contained in the directions of the process under the authority of law. . . . The return of the process, with the note of the sheriff's actings under it made at the time of such return, gives the right of action against the bail." See 2 Sellon's Practice, 46. See, also, *Saunders* v. *Bobo*, 2 Bailey, S. Car. 492; *Rowland* v. *Seymour*, 2 Metc. 590; *Rowley* v. *Nichols*, 14 R. I. 14; *Mannin* v. *Partridge et al.* 14 East, 599.

But the plaintiffs contend in support of their action, that the cause of action accrued the moment the statute of limitations commenced to run, which, they say, under Pub. Stat. R. I. cap. 224,

§ 9, was immediately after the entering up of final judgment against the principal. This section is as follows: "No writ of *scire facias* shall be served upon the bail unless it be within two years next after the entering up of final judgment against the principal. *Provided*, that if by reason of the absence of the bail from the State, service of the writ of *scire facias* could not have been made within the time before-mentioned, the said writ may be served at any time within two years after the return of the bail into the State."

We do not think the position is tenable. For while it might seem from the reading of this section, taken by itself, that the cause of action accrues immediately upon the entering up of final judgment against the principal, yet when taken as it should be, in connection with the other provisions of the statute already referred to, it is clear that the cause of action does not accrue until after the return of the execution by the officer in manner aforesaid. Indeed, if the plaintiff's contention is correct, an action might be commenced against the bail on the very next day after the rendition of final judgment against the principal, before any execution should be issued, and before any attempt should be made to collect the debt from him. Such a construction of the statute would be manifestly unreasonable and unwarranted.

*Exceptions overruled.*

*John M. Brennan*, for plaintiff.
*Henry J. Dubois*, for defendant.