(S App. Div. 216)
## LESTER et al. v. WORDEN et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

BASTARDY—BOND—COMPLIANCE WITH STATUTE.
Under 2 Rev. St. p. 286, § 59, providing that no officer shall take any bond in any other case or manner than such as are provided by law, and that any such bond taken otherwise shall be void, a bond in a bastardy proceeding which requires the obligor to pay a certain sum per week for the support of the bastard, instead of requiring him to pay said sum, or such sum as the court of sessions may order (Code Cr. Proc. § 851), is void.

Appeal from Rensselaer county court.

Action by Merriam J. Lester and others, as overseers of the poor, against Harmon Worden and others on a bond given by defendants for the support of a bastard child. A judgment rendered by a justice of the peace in favor of plaintiffs was reversed by the county court, and plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nelson Webster, for appellants.
Thomas F. Doherty, for respondents.

PARKER, P. J. The serious question in this case is over the validity of the bond upon which the action is brought. The defendant Worden, who is principal in the bond, was defendant in proceedings to charge him as the father of a bastard child. The bond was given under section 851 of the Code of Criminal Procedure, and the defendants Phillips and Hogoboom are his sureties. It is claimed by the defendants that such bond is not within the provisions of that section, and is therefore void. At the time this bond was taken, it was provided by Rev. St. § 59, art. 2, tit. 2 c. 3, pt. 3, that no officer should take any bond, obligation, or security by color of his office, in any other case or manner than such as are provided by law; and any such bond, obligation, or security, taken otherwise than as so provided, should be void. This statute has been enforced by the courts with great strictness, and, while mere verbal variations from the statutory form will not render the instrument void, yet, if the bond in question imposes upon these defendants any burden or obligation greater than the provisions of section 851 require, it is clearly void. Cook v. Freudenthal, 80 N. Y. 202; Haberstro v. Bedford, 118 N. Y. 187, 23 N. E. 459; People v. Meighan, 1 Hill, 298. Section 851 contains two subdivisions. The first provides for security when the defendant does not intend to dispute the adjudication that he is the father of the child. It is to the effect that he will pay weekly, or otherwise, as may have been ordered, the sum directed (viz. by the magistrates) for the support of the child, and of the mother during her confinement and recovery, or which may be ordered by the court of sessions of the county; and that he will indemnify the county and the town where the bastard was or may be born, and every other county or town

which may have been, or may be, put to expense, etc., against those expenses, or that the sureties will do so, not exceeding the sum mentioned in the undertaking, and which must be fixed by the magistrates. Upon giving an undertaking, with approved sureties, to the above effect, the defendant is entitled to be discharged from arrest; and, while he may not review the adjudication that he is the father of the 'child, he may appeal from that part of the order of filiation fixing the weekly or other allowance to be paid. See Code Cr. Proc. §§ 852, 861, 862. In the case at bar, the magistrates, instead of taking an undertaking, took the bond in question. Without deciding whether the change in form would be sufficient to invalidate it, let us look at its provisions. It recites that an order of filiation has been made by two magistrates of the town of Nassau, whereby Worden was adjudged to be the father of a bastard child, and that he was required by such order to pay to the overseers of the poor of the town of Nassau the sum of $1.25 per week while said child remained a charge upon said town. It further recites that by such order said Worden was also adjudged to pay to such overseer a certain amount of costs in such bastardy proceedings, and, after such recitals, it proceeds as follows:

"Now, therefore, the condition of these obligations are such that if the said Harmon Worden shall well and truly observe all the conditions of said order of filiation, then this obligation to be void; otherwise, to remain in full force and effect."

Plainly, this obligation is to pay $1.25 per week so long as the child is a charge upon the town of Nassau. But the obligation required by the statute is to pay that sum, or such sum as "may be ordered by the court of sessions of the county"; and the omission of such latter provision from the bond before us clearly enlarges the liability of the defendant and his sureties. Under the obligation required by the statute, if the defendant appealed to the court of sessions, and there procured an order reducing the amount to be paid by him (see section 865), he would fully perform its conditions by paying the amount so reduced; but, by the bond which he did give, he must continue to pay the amount fixed by the magistrates' order of filiation. No provision is made for its reduction by the court of sessions, and he is therefore practically foreclosed from taking an appeal. Being under bonds to pay the amount fixed by the order of filiation during the whole period that the child remained a charge upon the town, an appeal, for the purpose of reducing such amount, would be of no advantage. The bond in question is, therefore, not only different in form from the undertaking required by section 851, but it also omits therefrom a very important limitation to the defendant's liability, which such section requires shall be in it, viz. that in the event that the court of sessions shall change the amount adjudged to be paid by defendant for the support of the child, such amount shall thenceforth be the limit of the obligation thereby incurred. This omission evidently imposes a different and greater liability upon defendant than the magistrates had the right to exact. Such an obligation is not warranted by the statute, and hence is utterly void.

For this reason the judgment of the justice could not be sustained, and its reversal by the county court was correct. Judgment of the county court affirmed, with costs. All concur.