1829.

Dunham
v.
Jackson.

---

*DUNHAM v. JACKSON.

[*629]

If the party against whom a final decree is made intends to remove beyond the jurisdiction of the court before the decree can be enforced by execution, a *ne exeat* will be granted.

A *ne exeat* is in the nature of equitable bail, and may be applied for in any stage of the suit.

IN this cause the bill of the complainant had been dismissed with costs; and the complainant had suspended the proceedings to collect the costs by an appeal to the Court of Error.

October 7th.

*L. H. Palmer*, upon an affidavit and petition stating that the costs were large, and that the complainant intended removing to Florida before the appeal could be determined, moved that a *ne exeat* issue, unless the complainant gave security to abide the decree of this court and of the Court of Errors.

*H. Bleecker*, contra, read an affidavit of the complainant, which stated that she was worth $25,000 over and above all debts, and that she did not intend to remove to Florida until February next.

THE CHANCELLOR:—The object of the writ of *ne exeat* is to obtain equitable bail, and may be applied for in any stage of the suit. The complainant intends to leave the state before the appeal can be determined. The defendant is not obliged to follow her to Florida to obtain satisfaction of the costs decreed. In *Stewart* v. *Stewart*, (1 Ball & Beatty, 73,) a *ne exeat* was granted against a complainant who was about to leave the country before the decree for costs could be made effectual against him.

The *ne exeat* must be granted in this case unless the complainant gives security to abide the final decree.