Barnard v. Viele.

---

BARNARD and others *vs.* VIELE and another.

A *bail bond* must be conditioned that the defendant will appear by putting in special bail within twenty days after the return day, &c. *in the terms prescribed* by the revised statutes, or it will be *void;* a bond in the form used under the old statute is a nullity.

DEMURRER to declaration. The plaintiffs declared upon a *bail bond* executed by the defendants to relieve *Viele,* one of the defendants, from an arrest on a *capias ad respondendum.* In the declaration the condition of the bond was stated to be that Viele "should appear in a certain action commenced by the said writ by putting in special bail

within twenty days after the return day specified in the said writ, according to the custom of our said court." The defendants craved oyer of the bond, and after setting it forth, by which it appeared that the condition thereof was, that Viele " should appear before our justices, &c. at the capitol, &c. on the third Monday of October next, to answer unto Henry Barnard, &c. in a plea of trespass ; and also to a bill of the said plaintiff for a certain debt of $155, against the said Samuel D. Viele, to their damage of $300, according to the custom of our said court, before our said justices then and there to be exhibited," put in a demurrer.

*M. T. Reynolds,* for the defendant. This bond is *void,* not being conformable to the statute, 2 R. S. 348, § 11, which requires that the bond shall be conditioned that the defendant will appear by putting in special bail within twenty days after the return day specified in the writ, and by perfecting such bail if required, according to the rules and practice of the court. The change in the statute from what it formerly was, is not *accidental* but *intentional,* as is manifest from the revisers' notes, 3 R. S. 720. But if this be not so, the declaration is bad in setting forth a condition *variant* from the condition of the bond.

*S. Stevens,* for the plaintiff. The bond is good. It requires nothing inconsistent with the statute. The construction given to bonds similar to that taken in this case has always been, that putting in bail within twenty days after the return day was a performance. The statute, therefore, was substantially complied with, and that is enough. 12 Wendell, 306. 10 id. 370. It is not necessary to declare in the very terms of the condition ; if a bond be declared upon according to its legal effect it is sufficient. 4 Maule & Sel. 338. 4 Com. Law. R. 431. 14 id. 166.

*By the Court,* NELSON, Ch. J. The demurrer is well taken. The statutes prescribe the terms of the condition of the bail bond, and it must be complied with. It differs from the old statute, 1 R. L. 423, § 13. Although the terms

prescribed in the *new*, were before, according to the practice of the court, necessarily to be complied with in performing the condition of the *old* bond, and therefore the old and new conditions would seem to be in legal effect the same, still the terms are now, by the statute, to be expressed in the condition. The legislature may have thought this useful, as advising the parties distinctly what is essential to performance—an idea suggested by the revisers, and which doubtless led to the change.

We may regret the departure from a form and usage which had so long been in existence, for, the attainment of so unimportant an object, but this affords no ground for disregarding a positive enactment. Besides, another section of the revised statutes, 2 R. S. 286, § 59, is very explicit, that no sheriff or other officer shall take any bond, &c. by color of his office, in any other manner than such as are provided by law ; and if he does, it is declared that the bond shall be void.

Judgment for defendants.