HENRY B. CLAPP and OSCAR S. ROWLANDSON, Appellants, *v.* PETER S. SCHUTT and GEORGE A. THORNE, Respondents.

Sureties who fail to justify, after notice that the plaintiff does not accept the bail, are not liable as bail to the sheriff or to a plaintiff to whom the sheriff has assigned the undertaking.

The cause of action given to the sheriff, by section 203 of the Code, is not upon the undertaking, but for the damages sustained by him as bail, by reason of the sureties omitting to justify.

In an action against the sureties, brought by the plaintiff as assignee of the sheriff, the complaint must at least allege the damage sustained by the sheriff as bail, and that those damages have been assigned.

The complaint alleged the arrest of A in an action brought by the plaintiffs; execution of an undertaking by A with the defendants as sureties; notice that the plaintiffs did not accept the bail; failure of the sureties to justify; judgment against A; return of execution against property unsatisfied, and of execution against the person not found; and an assignment of the undertaking by the sheriff to the plaintiffs.—*Held*, on demurrer, that the complaint did not state facts sufficient to constitute a cause of action.

(Submitted September 24, 1870; decided December 28, 1870.)

APPEAL from an order of the General Term, in the first district, affirming a judgment in favor of the defendants, sustaining their demurrer to the complaint.

The defendants demurred to the complaint in this action, on the ground that it did not state facts sufficient to constitute a cause of action.

The complaint shows that on the 23d day of May, 1862, the plaintiffs commenced an action in the Supreme Court against Smith M. Coope and —— Fisher, and on that day Justice BARNARD duly granted an order for the arrest of the defendants therein and holding them to bail in the sum of $500. That on the 18th day June, 1862, the sheriff, under that order, arrested Coope. That on the 10th day of July, 1862, Coope, with the defendants in this action, as sureties, became bail by giving the undertaking required by section 187 of the Code. That on the 19th day of July, 1862, the plaintiffs caused to be served upon the sheriff a notice that they did not accept the

bail, and the bail failed to justify. That on the 6th of October, 1862, judgment was obtained in the action against Coope and Fisher for $518.74, damages and costs. That on the 6th of November, 1862, an execution on the judgment was issued to the sheriff of the city and county of New York against Coope and Fisher, and returned wholly unsatisfied. That on the 9th day of January, 1863, an execution on the judgment was issued against the body of Coope, which execution was, by the sheriff, returned not found; and that on the 16th day of March, 1863, the sheriff, for a good consideration, assigned the undertaking on the arrest to the plaintiffs, who demand judgment against the sureties on the undertaking. The case in the Supreme Court is reported in 19 Abb., 121; and also 44 Barb., 9, and 29 How., 255.

*R. M. Harrington,* for the appellants, cited Tidd's Practice, 4th Am. ed., vol. 1, 248, note A., and cases there cited; *Thompson* v. *Blanchard* (3 Comst., 335); *Seaver* v. *Grinnell* (10 Abb., 256); *Metcalf* v. *Stryker* 12 Abb., and 31 Barb., 62).

*John E. Burrill,* for the respondents, cited 1 Burr. Pr., 106, 7, 9; *Metcalf* v. *Stryker* (*supra*); *Buckman* v. *Carnly* (9 How., 180); *Sartos* v. *Merceques* (id., 188); *McGregory* v. *Willett* (17 How., 440); *The People* v. *The Judges* (1 Cow., 54); *Thorp* v. *Faulkner* (2 Cow., 514); *Lawrence* v. *Greham* (9 Wend., 477); *Flack* v. *Edger* (4 John., 185).

EARL, C. It is claimed on the part of the defendants, that because the plaintiffs declined to accept the bail, and the bail failed to justify, the defendants ceased to be bail, and cannot be prosecuted as such, and this is the view taken of the case by the court below.

Section 187 of the Code provides for giving the bail. Section 192, requires the sheriff to deliver a copy of the undertaking to the plaintiff, and the plaintiff must, within ten days thereafter, decline to accept the bail, or he will be deemed to have accepted it, and the sheriff will be exonera-

ted. Section 193 provides for the justification of bail; and section 201 provides, that if the bail do not justify, the sheriff shall be liable as bail; and section 203 provides, that if the bail do not justify, they shall be liable to the sheriff, by action, for damages which he may sustain by reason of such omission.

There is nothing in any of these provisions indicating that the bail are to remain liable, as such, in case they fail to justify. In that event, it is specially provided that the sheriff becomes bail, and is liable to the same extent precisely as if he had himself signed the undertaking as bail. And while he is liable as bail he has all the privileges of bail, and can arrest and surrender his principal. (*Buckman* v. *Carnly*, 9 How. Pr. R., 180; *Sartos* v. *Marceques*, id., 188; *McGregory* v. *Willett*, 17 How. Pr. R., 440.)

It cannot be inferred that it was the intention of the legislature that in such a case the persons who have signed the undertaking and the sheriff shall both remain liable as bail, and that thus the plaintiff should have double bail; nor that it was the intention that both should have remedies as bail against the principal.

After the bail given have been objected to and have failed to justify, they are no more liable than if a new undertaking had been given with other bail. If a new undertaking is given, it takes the place of the former; and if no new undertaking is given, the law holds the sheriff, and his liability is taken in the place of the undertaking.

Complete provision is made in the law for the emergency. The sheriff takes the bail in the first instance upon his own responsibility, and then if they are objected to and fail to justify he is held as bail; but the law allows him to sue the bail for the damages which he may sustain by reason of their failure to justify. In such suit the bail are not liable to the sheriff upon their undertaking, but because they gave it and have failed to justify, and have thus damnified the sheriff.

The plaintiff could have sued the sheriff; but in an action against the defendants they should at least allege in their

complaint the damages which the sheriff sustained as bail, and that these damages were assigned to them.

I am therefore of the opinion that the complaint is insufficient, and that the judgment appealed from should be affirmed, with costs.

All concur for affirmance.

Judgment affirmed with costs.