DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## October, 1879.

---

ALICE DOUGLASS, Appellant, v. WILLIAM T. WAR-
REN, Respondent.

ALICE DOUGLASS, Appellant, v. JOSEPH L. HABER-
STRO, as Sheriff of the County of Erie, Respondent.

*Sheriff liable as bail, when sureties fail to justify — how exonerated — he cannot
surrender defendant to coroner.*

Where the sureties to an undertaking, given by a defendant on his arrest, fail to
justify, on being excepted to by the plaintiff, the sheriff becomes liable as bail,
and can only exonerate himself by re-arresting the defendant and holding him
in actual custody.

He cannot surrender him to a coroner, and any undertaking taken by the coroner
on releasing him after such surrender is void.

Appeal from an order of the Erie Special Term, made in both
of the above entitled actions, exonerating Joseph L. Haberstro, as
sheriff of Erie county, the defendant in the second action, and John
M. Bedford and Henry H. Phillips, sureties to an undertaking given
on the arrest of the defendant in the first action, from all liability,
either as bail, sureties or otherwise in the above entitled actions,
upon paying to plaintiff or her attorney the taxable costs in the
second above entitled action, to be adjusted by the clerk of this

Hun — Vol. XIX.          1

court, and ten dollars costs of opposing this motion, and further providing that the second action be discontinued upon payment of said costs.

*John Campbell Hubbell,* for the appellant. The order exonerating Bedford and Phillips was erroneous; they had no right to be heard, because not justifying when excepted to, they ceased to be bail. (*Heishon* v. *Knickerbocker Life Ins. Co.*; *Clapp* v. *Schutt,* 44 N. Y., 104.) The sheriff was not entitled to be exonerated as bail or otherwise. He should have re-arrested the defendant and kept him confined in custody. (Code of Civil Procedure, § 110; 3 R. S. [5th ed.], 659; 2 Edm., 391; Code Civil Procedure, § 595; *Brady* v. *Brundage,* 59 N. Y., 310; Code of Civil Procedure, § 173; id., §§ 591, 592; *Sartos* v. *McMeyers,* 9 How. Pr., 189; *McGregory* v. *Willett,* 17 id., 439; 10 Abb. Pr., 256; *Bensel* v. *Lynch,* 44 N. Y., 164.)

*George W. Cothran,* for the respondents.

SMITH, J.:

The plaintiff commenced an action against the defendant Warren, and caused him to be arrested by the sheriff, Haberstro. The sheriff took from him an undertaking, signed by two sureties, who failed to justify on being excepted to by the plaintiff. The plaintiff obtained a judgment against Warren, and an execution against his property was returned unsatisfied, and one against his person, that he could not be found. The second action was then commenced against the sheriff. During its pendency, and within twenty days after its commencement, the bail in the first action surrendered the defendant Warren, and the sheriff received him into his custody. Instead of keeping him, the sheriff surrendered him to one of the coroners of the county of Erie, who permitted him to go at large on giving a new undertaking. Thereafter the sheriff and the bail in the first action gave notice of the motion, which resulted in the order from which this appeal is taken.

Upon the failure of the sureties in the first undertaking to justify, the sheriff became liable as bail. (Code of Civil Proced-

ure, § 587.) The sureties were not liable, thereafter, as bail (*Clapp* v. *Schutt*, 44 N. Y., 104), but they remained liable to the sheriff for all damages which he might sustain by reason of their omission to justify. (Code Civil Procedure, § 589.) Section 595 of the Code of Civil Procedure provides, that when the sheriff is liable as bail, he has all the rights and privileges, and is subject to all the duties and liabilities of bail. One of the rights and privileges of bail is that they may surrender the defendant in their own exoneration. (Code Civil Procedure, § 591.) But by the express terms of the statute, the surrender must be made to the sheriff. (Code Civil Procedure, §§ 591, 592.) When the sheriff seeks to exonerate himself from liability, as bail, by surrendering the defendant, he must re-arrest him and surrender him to the custody of the jail. (*Sartos* v. *Merceques*, 9 How. Pr., 188 ; *Brady* v. *Brundage*, 59 N. Y., 310.) The sheriff seems to have supposed that it was his duty to surrender the defendant to the coroner ; but he was under no such duty, and the coroner had no right to receive him or to detain him in custody. There was no order of arrest or process directed to the coroner. The sheriff was not a party to the action in which the order of arrest was issued, and so the case was not within the statute authorizing the coroner to act where the sheriff is a party. (Code Civil Procedure, § 172.) The undertaking taken by the coroner was a nullity, and if the sheriff is exonerated the plaintiff is without remedy.

Independently of the other points made by the appellant's counsel, it follows, from these views, that the order appealed from should be reversed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Order reversed, with ten dollars costs and disbursements.