SARAPIO ARTEAGA, Respondent, *v.* WILLIAM C. CONNER et al., as Executors, etc., et al., Appellants.

Under the provisions of the Code of Procedure in reference to the discharge of a defendant, who has been taken into custody under an order of arrest, upon giving bail (§ 186, *et seq.*) where a defendant has once given bail,

which the sheriff has accepted, he has the absolute right to be at large until a failure of bail to justify as prescribed in said provisions.

After the discharge of A. on giving bail, plaintiff's attorneys served upon the sheriff notice of non-acceptance of the bail. Thereafter, A.'s attorneys moved to vacate the order of arrest, and plaintiff's attorneys stipulated that A. should have five days after the decision of said motion, in which to serve notice of justification of bail. Before the decision of the motion, the sheriff made an indorsement upon the original undertaking of bail, to the effect that A. was thereby remanded to jail for non-justification of bail, and deputing E. to execute the remand. E. thereupon arrested A., took him to the county jail and delivered him to the custody of W., the jailer, who detained him until he was discharged on *habeas corpus.* Before A. was taken to jail, the sheriff was fully advised of the stipulation and the claim of A. that he was not liable to be rearrested. In an action for false imprisonment, *held,* that the sheriff, and also E. and W., were liable ; that the papers delivered to W. constituted no process regular upon its face and so did not protect him, but were merely an authority given by the sheriff for his private purpose and benefit ; and that W., therefore, acted simply as his agent and must stand or fall upon the same defenses as his principal.

(Argued March 9, 1882 ; decided March 21, 1882.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 5, 1881, which affirmed a judgment in favor of plaintiff, and affirmed an order denying a motion for a new trial. (Reported below, 15 J. & S. 494.)

The nature of the action and the facts are set forth in the opinion.

*Almon Goodwin* for appellants. The sheriff becomes liable as bail the moment he makes the arrest. (1 Wait's Practice, 692 ; *Metcalf* v. *Stryker,* 31 N. Y. 255 ; *Bensel* v. *Lynch,* 44 id. 162, 164.) Nothing less than the order of the court can limit the rights of the sheriff as bail after the time prescribed by the Code for justification has expired. (*Burns* v. *Robbins,* 1 Code, 62 ; *West's Bail,* 1 Chitty, 292 ; *Hamilton* v. *Dainsford,* 2 id. 82.) There was no proof of notice to the sheriff prior to the rearrest that an extension had been agreed upon between the parties to the arrest proceedings. A notice served upon the deputy was not enough. (*Mickles* v. *Hart,* 1 Denio,

548; 3 R. S. [Banks' 6th ed.] 447; *Sherman* v. *Conner*, 50 How. Pr. 31; Crocker on Sheriffs, § 283.) The discharge of the plaintiff upon *habeas corpus* did not adjudicate that the sheriff and Watson were liable for arresting or detaining the plaintiff. (*Colwell* v. *Bleakley*, 1 Abb. Ct. of App. Dec. 400; 3 R. S. [6th ed.] 879, 881; Code, § 324; *Cayuga Co. Bk.* v. *Warfield*, 13 How. 439; 1 Greanleaf on Evidence, § 532; *Stedman* v. *Patchen*, 34 Barb. 218; *Appleton* v. *Warner*, 51 id. 270; *White* v. *Madison*, 26 N. Y. 117, 130.)

*John Brooks Leavitt* for respondent. The stipulation extending the time indefinitely to serve notice of justification discharged the sheriff from all liability. (Code of Procedure, §§ 186, 187, 189, 192, 193, 195, 205; *Richard* v. *Porter*, 7 Johns. 137; *Posterne* v. *Hanson*, 2 Saund. 59, 61; *Page* v. *Tulse*, 2 Mod. 84; *Pratt* v. *Hill*, 16 Barb. 303; *Holroyd* v. *Doncaster*, 3 Bing. 492; *Metcalf* v. *Stryker*, 31 N. Y. 255; *Sarto* v. *Muceques*, 9 How. 188; *Seaver* v. *Genner*, 10 Abb. Pr. 256; *Gallarati* v. *Orser*, 27 N. Y. 324; *Deyo* v. *Van Valkenburg*, 5 Hill, 242, 245; *Clark* v. *Niblo*, 6 Wend. 237; *Rathbone* v. *Warren*, 10 Johns. 586; *Fish* v. *Barbour*, 9 Rep. [Sup. Ct. Mich.] 576; *Thorp* v. *Faulkener*, 2 Cow. 514; *Dickson* v. *Frazer*, 9 Hun, 191.) The decision in the *habeas corpus* proceedings that this imprisonment was false was *res adjudicata* and is conclusive in this action. (3 R. S. [6th ed.], § 68; 2 R. S. 570; *Mercein* v. *The People*, 25 Wend. 64; *People* v. *Bartnett*, 13 Abb. Pr. 8; *Vrendenburg* v. *Hendricks*, 17 Barb. 179; *Demarest* v. *Darg*, 32 N. Y. 281; *In re Livingston*, 34 id. 555; *White* v. *Coatesworth*, 6 id. 137.) This action lies against all the defendants. The deputy is liable because he made the arrest, and the sheriff because he authorized it. (*King* v. *Orser*, 4 Duer, 431.)

EARL, J. On the 3d of July, 1876, an order of arrest was granted against this plaintiff in an action brought against him by Mrs. Leitch, and the order was delivered to Mr. Conner, who was then sheriff of the city and county of New York.

On the same day Sheriff Conner arrested him and he immediately gave bail in the form required by the practice, with two sureties. On the 6th of July notice of the non-acceptance of the bail was served on the sheriff by the attorney for Mrs. Leitch, and on the 8th of July he transmitted such notice to the attorneys for Arteaga. On the 12th of July these attorneys moved to vacate the order of arrest, and so far as appears in this case that motion has not been decided. On the 17th of July a stipulation was signed by Mrs. Leitch's attorney giving Arteaga ten days further time to serve notice of justification of his bail. On the 26th of July a further stipulation was signed by the same attorney, consenting that Arteaga should have five days after the decision of the motion to vacate the order of arrest within which time to serve notice of justification of the bail. On the 20th of November the sheriff sent a letter to Arteaga's attorneys, notifying them that he would expect the undertaking upon the arrest to be approved at once, either by the judge on justification or by Mrs. Leitch's attorney; and it was claimed upon the trial, although not conclusively proven, that on November 22 Arteaga's attorneys replied to the letter of the sheriff by sending to the sheriff's office a copy of the stipulation last referred to. Conner's term of office as sheriff expired on the 31st day of December, 1876. On the 5th day of January, 1877, he executed and annexed to the original undertaking of bail the following instrument entitled in the action in which the arrest was made :

"Serapio Arteaga is hereby remanded to jail for non-justification of the annexed undertaking, and Jas. H. Erb or Jas. E. Hasson is hereby deputized to execute the within remand.

"WM. C. CONNER, *Late Sheriff*."

The defendant Erb took this instrument with the undertaking annexed thereto, and on the 17th of January arrested Arteaga and took him to the county jail and there delivered him to the defendant Watson, the jailer thereof, by whom he was detained until he was discharged by virtue of a writ of *habeas corpus* upon the 20th day of January. Arteaga claiming that

he was illegally arrested and imprisoned, thereafter commenced this action to recover damages for the illegal arrest and imprisonment, making the sheriff, Erb and Watson defendants. There have been two trials of the action. Upon the first trial the plaintiff was nonsuited, and upon an appeal to the General Term the judgment entered upon the nonsuit was reversed and a new trial was granted. (46 Supr. Ct. 91.) The action was again brought to trial, and upon the last trial the trial judge decided as matter of law that the plaintiff was entitled to recover, and submitted to the jury only the question of damages. From the judgment entered in favor of the plaintiff upon the verdict of the jury the defendants appealed to the General Term of the court, and from affirmiance there to this court.

The contention on the part of the defendants is, that as the bail had not justified, the sheriff became bail for Arteaga, and as such had the right to rearrest him and detain him. On the part of the plaintiff it is contended that there was no failure of bail to justify, and that, therefore, the sheriff did not become bail in such a sense that he could rearrest the plaintiff, and it is further contended that even if the sheriff in any sense became bail upon the delivery to him of the undertaking, he was absolutely discharged by the stipulations given by Mrs. Leitch's attorney extending the time for the justification of bail.

The decision of the question thus presented for our consideration depends upon several sections of the Code of Procedure, and it is not entirely free from difficulty. We are, however, of opinion that the case was properly disposed of in the court below. Section 185 of the Code of Procedure provides that the sheriff shall execute the order of arrest by arresting the defendant and keeping him in custody until discharged by law. Section 186 provides that defendant, at any time before the execution, shall be discharged from the arrest, either upon giving bail or upon depositing the amount mentioned in the order of arrest, and that the defendant may give such bail whenever arrested, at any hour of the day or night, and shall have reasonable opportunity to procure it before being committed to prison.

Section 187 prescribes the form of the undertaking to be executed by two or more sufficient sureties as bail. Section 188 provides that at any time before a failure to comply with the undertaking, the bail may surrender the defendant in their exoneration. Section 192 provides that within the time limited for that purpose in the order of arrest the sheriff shall deliver the order to the plaintiff or his attorney, with his return indorsed, and a certified copy of the undertaking of the bail, and the plaintiff, within ten days thereafter, may serve upon the sheriff a notice that he does not accept the bail, or he shall be deemed to have accepted it and the sheriff shall be exonerated from liability. Section 193 provides that on the receipt of such notice the sheriff or defendant may, within ten days thereafter, give to the plaintiff or the attorney by whom the order of arrest is subscribed, notice of the justification of the same before a judge, at a specified time and place, the time to be not less than five nor more than ten days thereafter. Section 195 provides that for the purpose of justification each of the bail shall attend before the judge at the time and place mentioned in the notice, and may be examined on oath on the part of the plaintiff, touching his sufficiency in such a manner as the judge shall, in his discretion, think proper. Section 201 provides that if, after being arrested, the defendant escape or be rescued, or bail be not given or justified, or a deposit be not made instead thereof, the sheriff shall be liable as bail; and section 203 provides that the bail taken upon the arrest shall, unless they justify or other bail be given and justify, be liable to the sheriff by action for all damages that he may sustain by reason of such omission.

I have now called attention to all the sections of the Code which have any important bearing upon the matter to be determined. When the sheriff makes the arrest, if the defendant offers sufficient bail he must take it and discharge him. It is not discretionary with him whether or not he will take bail; he is bound to take it, and if he refuses, acts oppressively, or declines to accept reasonable bail, he can be held responsible for his misconduct in some form. As the bail is, in the first

instance, for his protection, he must see to it that it is sufficient and for that purpose make the necessary examination and in- quiry.  He must satisfy himself that the persons taken as bail are of sufficient pecuniary responsibility to indemnify him against loss.  If the plaintiff in the action fails, within the time named in section 192, to give notice that he does not accept the bail, he is deemed to have accepted it and the sheriff is exon- erated.  If he gives the notice then the sheriff, for his own pro- tection, or the defendant's attorney, or both of them, may, by notice, require the bail to justify; and if no such notice be given, either by the sheriff or the defendant's attorney, and thus the bail fail to justify, or if the notice be given and the bail fail to justify, then, under section 201 of the Code, the sheriff himself becomes liable as bail, and his liability as bail does not spring into existence until such failure to justify. Until such failure he cannot rearrest the defendant.  To allow such rearrest would defeat the plain purpose of the statute.

If he could arrest at any time after he had discharged the defendant upon bail he could practically constantly deprive him of his liberty and of the privilege of bail carefully secured to him by law.  If the defendant has once given the bail which the sheriff has accepted, he is no longer in the custody or care of the sheriff and he has the absolute right to be at large, the sheriff holding the undertaking as his security.  It is the failure of bail, in one of the modes specified in the Code, to justify only that makes the sheriff liable as bail with the right to arrest and detain his principal.

It is not now necessary to determine what rights the sheriff would have against the defendant if he had been imposed upon and induced by fraud and misrepresentation to take insufficient bail, or if the bail had died or become insolvent before they could justify, as there is no allegation here that the bail taken by the sheriff were not abundantly solvent and responsible.  No great inconvenience can result, from this construction of the provisions of the Code to the sheriff because he can at once see to it that the bail is required to justify.  In this case he knew the bail had

not justified and he could probably have intervened at any time before he rearrested the plaintiff and required the justification and thus terminated his responsibility or secured his rights as bail.

It matters not that the sheriff at the time of the rearrest did not know of the stipulations. When the arrest was made Arteaga objected to it and before he was taken to the jail the sheriff was fully informed of all the facts, and of the claim by Arteaga that he was not liable to be rearrested.

On behalf of the defendant Watson it is contended that he cannot be held responsible for the illegal imprisonment of the plaintiff. It is claimed for him that the papers delivered to him when Arteaga was brought to the jail constituted process regular upon its face and that hence he is protected. But there was no process within the meaning of the law referred to. These papers were a mere authority given by the sheriff for his own private purpose and benefit to arrest and detain the plaintiff and they could protect no one who acted upon them unless they actually conferred the authority. Watson in what he did in the detention of the plaintiff merely acted as the agent of the sheriff and his acts must stand or fall upon the same defenses which the sheriff makes.

We are, therefore, of opinion that this judgment should be affirmed.

All concur, except ANDREWS, Ch. J., absent.

Judgment affirmed.