JOHN H. EAGAN, RECEIVER, ETC., RESPONDENT, *v.* JAMES R. STEVENS, APPELLANT.

*Recorder of the city of Cohoes — he cannot accept money in lieu of bail — 1880, chap. 456, sec. 30 — he is personally liable for money so received.*

The application of one McClellan for a postponement of his trial before the defendant, the recorder of the city of Cohoes, was granted upon his giving bail for his future appearance to the amount of $200. Instead of giving bail he deposited $200 in currency with the defendant who, upon McClellan's subsequent failure to appear, declared the same forfeited to the city of Cohoes. In supplementary proceedings instituted by a judgment-creditor of McClellan, a receiver was appointed, who, after making a demand upon the defendant. for an amount sufficient to pay the judgment and costs, while the money was. still in his possession, brought this action to recover the same.

*Held,* that as the recorder was authorized to take bail, but had no authority to accept money in lieu thereof, his act being *colore officii* and without authority of law was void, and rendered him liable for the money so received as the property of McClellan.

APPEAL from a judgment of the County Court of Albany county in favor of the plaintiff.

*J. E. McLean,* for the appellant.

*P. D. Niver,* for the respondent.

BOCKES, J.:

This is an appeal from a judgment rendered by the Albany County Court in favor of the plaintiff.

The material facts of the case are as follows: In 1884, the defendant was recorder of the city of Cohoes, and in August of that year one McClellan was brought before him charged with being a disorderly person. McClellan applied for a postponement of the trial. His application was granted on giving bail for his future appearance, fixed at $200. Instead of giving the requisite bail, he deposited with the defendant, the recorder, $200 in currency in lieu thereof. McClelland failed to appear at the time to which the trial was postponed, and the recorder declared the money so deposited forfeited to the city of Cohoes.

One John Hays had a judgment against McClellan and instituted proceedings thereunder, supplementary to execution, in which proceedings the defendant was examined as a third party. The plaintiff was thereupon appointed receiver of the property and effects of McClellan, and demanded of the defendant sufficient of the $200 to pay the judgment and satisfy the costs awarded in the supplementary proceedings, the defendant still having the money in his possession, with which demand the latter refused compliance. Judgment was given by the county court in favor of the plaintiff for seventy-three dollars and thirty-seven cents, the amount demanded, with costs. In thus awarding judgment we are of the opinion there was no error. The recorder, in accepting the deposit of money, instead of taking bail acted officially, or attempted so to act, without authority of law, hence his action was void in law, and the money remained the property of McClellan in his hands. The

recorder was authorized to take bail from McClellan (Laws of 1880, chap. 456, § 30), but no authority is given him to accept money in lieu of bail. He is an officer with mited powers, and can act officially only in accordance with the express provisions of the statute. There is a prohibitory statute which declares that "no sheriff or other officer shall take any bond, obligation or security by color of his office in any other case or manner than such as are provided by law, and any such bond, obligation or security taken otherwise than as herein directed shall be void." (3 R. S. [7th ed.], p. 2374, § 59.) This provision was said in *Webb* v. *Albertson* (4 Barb., 51) to apply particularly to sheriffs and officers exercising like duties as coroners and constables. But in this case a bond taken by commissioners of highways of a town, under color of their office for the benefit of the town, was held void, on the ground of public policy. In *Harp* v. *Osgood* (2 Hill, 216, 218) a security taken by a constable was held valid, but on the ground that it was not under the circumstances of that case taken under color of his office. The same may be said of *Mott* v. *Robins* (1 Hill, 21, 22) and of *Burrall* v. *Acker* (23 Wend., 606). In *Bank of Buffalo* v. *Boughton* (21 id., 57), a bond executed by an officer to be relieved from arrest not authorized by law was held void. In *The People* v. *Meighan* (1 Hill, 298), a bond taken by a justice of the peace in a prosecution for bastardy containing, in addition to the provisions required by law, others imposing further obligations, was held void. (See, also, *Barnard* v. *Viele*, 21 Wend., 88; *Webber* v. *Blunt*, 19 id., 188; *Love* v. *Palmer*, 7 Johns., 160; *Sullivan* v. *Alexander*, 19 id., 233; and also the recent case of the *Board of Charities, etc.*, v. *Hammill*, 19 W. D., 494.) These cases hold with entire unanimity that any security taken by an officer *colore officii* is void. If taken in right of his office, that is, by authority of law, it will be valid, otherwise if taken merely in color of his office. So in one of the cases above cited it was said, that "taking a security by a public officer *intuti officii*, implies that the act is lawful either by the common law or by the authority of some statute. But taking it by *color of his office* necessarily implies that the act is unlawful and unauthorized, and that the legal right to take it is a mere color or pretense." And further, to cite authorities, it was held in *Cook* v. *Freudenthal* (80 N. Y., 202), that an unauthorized security taken by a public officer

from a person under arrest, as a ground of his discharge, is void as having been taken *colore officii.* This case was referred to with approval in *Toles* v. *Adee* (84 N. Y., 222), where it was said "that public policy requires that officers armed with bailable process for the arrest of defendants, should, in taking bonds or other securities for their enlargement, be held to a strict compliance with statutory requirements, *neither accepting less nor demanding more than the law prescribes.*" The doctrine of the law here enunciated has direct application to the case under examination. The acceptance of the money by the recorder was an act *colore officii.*

It was intended as an official act and was followed by an attempted forfeiture of the deposit to the city of Cohoes. The recorder had no personal interest in the contract of deposit, so it was not within the protection of the common law as a matter pertaining to his personal or private rights, and as an official act it had not the sanction of any statute. Nor has the doctrine of equitable estoppel here application. In whose favor could the estoppel operate? Not in favor of the recorder nor in favor of the city of Cohoes, for that which is to be insisted on is against public policy and unlawful, and in so far as can be seen with certainty, neither the recorder nor the city were damnified by the act, and as to waiver, which is also suggested by the appellant's counsel, that cannot help the case, for what was lawful was waived, and that which was unlawful was accepted in lieu, therefore not within the power of the court to enforce. Section 586 of the Code of Criminal Procedure, which provides for a deposit in certain cases with the county treasurer, does not touch the case in hand. It seems necessarily to follow, therefore, that as before stated, the money remained the property of McClellan in the recorder's hands, subject to the plaintiff's demands as receiver under the judgment in favor of Hays.

The judgment should be affirmed, with costs.

Present— LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs.